[Cite as *State vs. McAbee*, 2016-Ohio-8234.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 16 COA 016 |
| EDWARD P. McABEE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No.13 CRI 064


JUDGMENT:    Dismissed


DATE OF JUDGMENT ENTRY:    December 19, 2016


APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
PROSECUTING ATTORNEY
CHRISTOPHER E. BALLARD
ASSISTANT PROSECUTOR
110 Cottage Street, Third Floor
Ashland, Ohio 44805

For Defendant-Appellant

CHRISTINA I. REIHELD
Post Office Box 532
Danville, OHio 43014

*Wise, P. J.*

**{¶1}** Appellant Edward P. McAbee appeals his sentence entered in the Ashland County Common Pleas Court following a guilty plea to one count of attempted burglary and one count of theft.

**{¶2}** Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** On June 27, 2013, Appellant Edward P. McAbee was indicted by the Ashland County Grand Jury on charges of Burglary, in violation of R.C. §2911.12(A)(3), a felony of the third degree, Petty Theft, in violation of R.C. §2913.02(A)(l), a misdemeanor of the first degree, and Theft, in violation of R.C. §2913.02(A)(l), a felony of the fifth degree.

**{¶4}** On October 3, 2013, Appellant pled guilty to Amended Count One, Attempted Burglary, in violation of R.C. §2923.02(A) and §2911.12(A)(3), a felony of the fourth degree, and Count Three, Theft, in violation of R.C. §2913.02(A)(l), a felony of the fifth degree.

**{¶5}** On November 25, 2013, the case proceeded to sentencing. On Count One, the trial court imposed a six-month prison sentence. (Sent Hr. T. at 6). On Count Three, the court imposed a maximum six- month stay at the CROSSWAEH CBCF and three (3) years of probation supervision following Appellant's completion of the prison sentence associated with Count One. (Sent. Hr. T. at 7-8). The court informed Appellant that he could be subject to Post-Release Control at the discretion of the Adult Parole Authority for up to three (3) years due to the imposition of a prison sentence on Count One. (Sent. Hr. T. at 14). The court further admonished Appellant that a violation of community control

following his release from prison could result in the imposition of the 12-month prison sentence associated with Count Three, stating specifically, "so if you come back on a violation of your Community Control Supervision, you could still be facing a prison sentence on Count 3 of up to 12 months." (Sent. Hr. T. at 16).

{¶6} The court's sentencing entry further specified that if Appellant violated the terms of community control on Count Three:

> The Court further ORDERS, based upon the statutory sentencing factors, that if the Defendant violates the conditions of this sanction, he will be ordered to serve 12 Months under the authority of the Ohio Department of Rehabilitation and Correction in an appropriate penal institution with regard to the Count Three offense of THEFT, in violation of Ohio Revised Code Section 2913.02(A)(1), a felony of the fifth degree. (Sent. J/E at 6).

{¶7} On February 9, 2016, the Adult Parole Authority filed a complaint alleging Appellant had committed five violations of the terms and conditions of his community control.

{¶8} On March 21, 2016, Appellant admitted to three of the alleged violations in exchange for the State's dismissal of the other two. (CCV Evid. Hrg. T. at 3).

{¶9} On April 8, 2016, at the sanctions hearing, the trial court revoked Appellant's community control for the Count Three Theft offense and imposed the twelve-month prison sentence associated with that Count. (CCV Sanc. Hrg. T. at 6). The court further found that consecutive sentences are not disproportionate to the seriousness of Appellant's conduct, that he exhibited danger to the public due to his continued criminal activity, and that based on his criminal history and criminal conduct service of the prison

term on Count Three consecutive to his previous prison term on Count One was necessary to protect the public from future crim. *Id.*

**{¶10}** The court further ordered that Appellant receive a total of 240 days of jail credit on this new prison term based on his successful completion of 180-day term at CROSSWAEH and 60 days in the Ashland County Jail while the community control violation was pending, leaving approximately 125 days in prison for Appellant to serve. (CCV Sanc. Hrg. T. at 7).

**{¶11}** Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

**{¶12}** "I. THE TRIAL COURT ERRED BY IMPOSING A TWELVE MONTH PRISON TERM CONSECUTIVE TO A PRIOR PRISON TERM AS A SANCTION FOR THE PROBATION VIOLATION BECAUSE THE INITIAL SENTENCING ENTRY DID NOT RETAIN THE RIGHT TO IMPOSE THE SENTENCES CONSECUTIVELY AT A LATER DATE, NO FINDINGS WERE MADE IN THE INITIAL SENTENCING ENTRY CONCERNING CONSECUTIVE SENTENCES, AND APPELLANT WAS NEVER NOTIFIED AT HIS ORIGINAL SENTENCING THAT HE COULD BE ORDERED TO SERVE ANY MORE THAN TWELVE MONTHS TOTAL AS A SENTENCE."

## I.

**{¶13}** In his sole Assignment of Error, Appellant argues that the trial court erred in imposing consecutive sentences. We disagree.

**{¶14}** Because Appellant has completed the sentence imposed by the Ashland County Common Pleas Court, the issue for determination is whether Appellant's appeal in this matter is moot.

{¶15} An appeal challenging a conviction is not moot even if the entire sentence has been served before the appeal is heard, because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." *State v. Golston,* 71 Ohio St.3d 224, 1994–Ohio–109, 643 N.E.2d 109, paragraph one of the syllabus. "However, this logic does not apply if Appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction. If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction." *State v. Campbell,* 166 Ohio App.3d 363, 2006–Ohio–2294, 850 N.E.2d 799, paragraph eight, citing *State v. Beamon,* 11th Dist. Lake No.2000–L–160, 2001–Ohio–8712.

{¶16} Appellant, who has already served his sentence, is not challenging his underlying conviction. While Appellant requests that the case be remanded for resentencing, an appeal in his favor would grant him no relief as he has already been released from incarceration on this charge. *See*, for example, *State v. Howell,* 5th Dist. Stark No. 2001 CA00346, 2002–Ohio–3947; *State v. Rivard*, 5th Dist. Ashland No. 13-COA-007, 2013-Ohio-4178.

**{¶17}** Appellant's Assignment of Error is, therefore, moot.

**{¶18}** For the foregoing reasons, the appeal from the judgment of the Court of Common Pleas of Ashland County, Ohio, is dismissed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 1130