[Cite as *State v. Jones*, 2019-Ohio-1126.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :
                                     No. 107277

    v.                           :

MICHAEL D. JONES,                       :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** March 28, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-598760-A

---

### *Appearances:*

Thomas A. Rein, *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, and Mary M.
Frey, Assistant Prosecuting Attorney, *for appellee.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Michael Jones, appeals his sentence. He raises one assignment of error for our review:

The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

{¶ 2} We find that Jones's assignment of error is moot to the extent that it challenges the consecutive nature of his sentence because he has already served his sentence. We remand, however, for the limited purposes of correcting the trial court's sentencing journal entry to incorporate the consecutive-sentence findings that it made at the sentencing hearing as well as the trial court's May 25, 2017 and May 15, 2018 judgment entries to reflect that Jones's burglary conviction is a third-degree felony under R.C. 2911.12(A)(3), not a second-degree felony under R.C. 2911.12(A)(2).

## I. Procedural History and Factual Background

{¶ 3} On September 2, 2015, the Cuyahoga County Grand Jury indicted Jones for one count of burglary in violation of R.C. 2911.12(A)(2) with a notice of prior conviction and a repeat violent offender specification and one count of grand theft in violation of R.C. 2913.02(A)(1). Jones pleaded not guilty, and the case proceeded to a bench trial in March 2016.

{¶ 4} The court found Jones guilty of all counts and included specifications. The trial court found that Jones's convictions merged and the state elected to proceed on the burglary conviction. The trial court sentenced Jones to seven years and ordered that the sentence run consecutively to Jones's 18-month sentence in Cuyahoga C.P. No. CR-15-592895, giving Jones an aggregate prison term of eight years and six months.

{¶ 5} Jones appealed his convictions and sentence in *State v. Jones*, 8th Dist. Cuyahoga No. 104233, 2017-Ohio-288. We found the state presented sufficient evidence to convict Jones of a lesser included offense of burglary under R.C. 2911.12(A)(3), but not (A)(2). *Id.* at ¶ 25-26. We also found that his convictions were not against the manifest weight of the evidence. *Id.* at ¶ 33. Additionally, we found the trial court properly imposed consecutive sentences. *Id.* at ¶ 40. As a result, we remanded the case "with instructions for the trial court to modify the judgment of conviction to find Jones guilty of burglary under R.C. 2911.12(A)(3) and to resentence him accordingly," after it changed Jones's conviction to a felony of the third degree.[1] *Id.* at ¶ 36.

{¶ 6} On remand, the trial court again found that Jones's convictions merged, but imposed a 36-month prison sentence for Jones's conviction for grand theft instead of his burglary conviction, even though the state elected to proceed to sentencing on his burglary conviction. The trial court ordered that Jones's 36-month term run consecutive to his sentence in Case No. CR-15-592895, giving him an aggregate 48-month prison term.

---

[1] At oral argument, the state and Jones agreed that the trial court's judgment entries failed to list Jones's burglary conviction as a felony of the third degree under R.C. 2911.12(A)(3) as we instructed on remand. The trial court's May 25, 2017 and May 15, 2018 judgment entries still list Jones's burglary conviction under Count 1 as a felony of the second degree under R.C. 2911.12(A)(2), which is incorrect. Both parties agree that this clerical error should be corrected via a nunc pro tunc entry.

{¶ 7} Jones again appealed his sentence. That appeal was voluntarily dismissed by both parties in November 2017. According to the entry, the parties agreed that the "trial court imposed the incorrect sentence in CR 15-598760" and "that the trial court must resentence [Jones] on the correct counts."

{¶ 8} Upon return to the trial court, the trial court found Jones's convictions merged, and the state elected to proceed on his burglary conviction. The trial court imposed a 36-month prison term, which was to run consecutive to Jones's 12-month sentence in CR-15-592895, giving Jones an aggregate prison term of 48 months. The trial court also advised Jones that he was subject to a mandatory three-year period of postrelease control. At the hearing, the trial court stated,

> The Court finds that pursuant to Ohio Revised Code section 2929.14(C)(4) that the defendant is required to serve these prison terms consecutively because the consecutive service is necessary to protect the public from future crime and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Furthermore, this sentence is necessary because the offenses in case number 598760 were committed while the defendant was on probation to this Court in case number 592895.

In its journal entry, the trial court did not include the above findings regarding consecutive sentences.

{¶ 9} It is from this judgment that Jones now appeals.

## II. Law and Analysis

{¶ 10} In his sole assignment of error, Jones argues that the trial court failed to make the proper findings before imposing consecutive sentences as is required under R.C. 2929.14 and H.B. 86. Specifically, Jones argues that while "the trial court

made findings at the sentencing hearings[,]" it "did not incorporate those [findings] in the sentencing journal entry." He also argues that his sentences should be served concurrently.

{¶ 11} In response, the state "concedes that the trial court did not incorporate * * * [its consecutive-sentence] findings[,]" but argues that we should affirm the trial court's imposition of consecutive sentences and remand this case "to the trial court for a nunc pro tunc entry that would memorialize the requisite findings made during the re-sentencing hearing[.]"

{¶ 12} Foremost, a review of the record shows that Jones completed the sentence underlying his appeal. The trial court granted Jones's motion for 90 days of jail-time credit on January 2, 2019, and Jones was released on February 4, 2019.

{¶ 13} "'If an individual has already served his sentence, there is no collateral disability of loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction.'" *State v. Paige*, 8th Dist. Cuyahoga No. 88885, 2007-Ohio-3925, ¶ 6, quoting *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 Ohio App. LEXIS 5655 (Dec. 14, 2001). However, "[a]n appeal challenging a felony conviction is not moot even if the entire sentence has been served before the appeal is heard, because 'a person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her.'" *State v. Gruttadauria*, 8th Dist. Cuyahoga No. 90384, 2008-Ohio-3152, ¶ 6, quoting *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994).

{¶ 14} Therefore, Jones's argument that his sentences should be concurrent instead of consecutive is moot.

{¶ 15} Nevertheless, we can still address his assignment of error to the extent that it challenges the trial court's failure to incorporate its findings supporting consecutive sentences under R.C. 2929.14(C)(4) in its judgment entry.

{¶ 16} A trial court is required to make the statutory findings required for consecutive sentences at the sentencing hearing and also incorporate its findings into its sentencing entry. *Bonnell* at syllabus. The Ohio Supreme Court has stated, however, that

> [a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court.

*Id.* at ¶ 30.

{¶ 17} We note that the trial court inadvertently erred by failing to incorporate its findings under R.C. 2929.14(C)(4). We also note that the trial court's May 25, 2017 and May 15, 2018 judgment entries are incorrect because they reflect that Jones's burglary conviction is a second-degree felony under R.C. 2911.12(A)(2), instead of a third-degree felony under R.C. 2911.12(A)(3).

{¶ 18} Based on the above, we find that the trial court's inadvertent failure to include the statutory findings it made during the resentencing hearing does not render Jones's sentence contrary to law. Therefore, we remand the matter to the

trial court for the limited purpose of issuing a nunc pro tunc sentencing entry incorporating the court's R.C. 2929.14(C)(4) findings as well as correcting the trial court's May 25, 2017 and May 15, 2018 judgment entries to reflect that Jones's burglary conviction is a third-degree felony under R.C. 2911.12(A)(3), not a second-degree felony under R.C. 2911.12(A)(2).

{¶ 19} Judgment affirmed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, A.J., and
LARRY A. JONES, SR., J., CONCUR