[Cite as *State v. Oglesby*, 2019-Ohio-1456.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,

      Plaintiff-Appellee,

      vs.

FRANKLIN OGLESBY,

      Defendant-Appellant.

:

:

:

APPEAL NOS. C-180177
               C-180178
TRIAL NOS.  C-16CRB-29420
             16CRB-22419

*O P I N I O N.*


Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal:  April 19, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, and *Paula Boggs Meuthing,* City Solicitor, *Natalie Harris,* City Prosecutor, and *Christopher Liu*, Appellate Director, for Plaintiff-Appellee.

*James A. Anzelmo*, for Defendant-Appellant.

CROUSE, JUDGE.

{¶1}     Franklin Oglesby has appealed from the municipal court's judgments in two cases in which it revoked his community control and imposed consecutive jail sentences.  The cases were consolidated for purposes of appeal.

{¶2}     In two assignments of error, Oglesby argues that the trial court abused its discretion when it revoked his community control and sentenced him to jail in violation of his rights under the Fourteenth Amendment to the United States Constitution, and that the trial court erred when it sentenced him to consecutive sentences in violation of his rights to due process, guaranteed by Article I, Section 10 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

*Factual Background*

{¶3}     On January 10, 2017, Oglesby pled guilty to theft from a Target store in the jurisdiction of Hamilton County in the appeal numbered C-180177.  He received a suspended jail sentence of 179 days, was ordered to pay a $200 fine and court costs, to stay away from all Target stores and to complete 20 hours of community service, and was placed on community control for one year.

{¶4}     On March 29, 2017, Oglesby pled guilty to theft from a Burlington Coat store in the jurisdiction of the city of Cincinnati in the appeal numbered C-180178.  He received a suspended jail sentence of 180 days, was ordered to pay a $150 fine and court costs, to stay away from all Burlington stores, to complete a corrective-

thinking class and to complete 40 hours of community service, and was placed on community control for one year.

{¶5} Oglesby violated community control in both cases. On February 12, 2018, Oglesby pled no contest to and was found guilty of violating community control for the Target store theft for failing to pay his fine, failing to report to his probation officer, and incurring new criminal charges. The trial court imposed the suspended 179-day jail sentence.

{¶6} On March 8, 2018, Oglesby pled no contest to and was found guilty of violating community control for the Burlington store theft for failing to report to his probation officer, incurring new criminal charges, failing to complete the corrective-thinking class, failing to complete community service, and failing to pay his fine. The trial court imposed the suspended 180-day sentence in the Burlington store case, and ordered it to to run consecutively to the 179-day sentence in the Target store case.

### *Revocation of Community Control*

{¶7} We review the trial court's decision to revoke community control under an abuse-of-discretion standard. *State v. Dockery*, 187 Ohio App.3d 798, 2010-Ohio-2365, 933 N.E.2d 1155, ¶ 13 (1st Dist.). A trial court will not be deemed to have abused its discretion unless its decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶8} "The privilege of probation rests upon the probationer's compliance with the probation conditions and **any** violation of those conditions may properly be

used to revoke the privilege." (Emphasis added.) *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist.1990).[1]

{¶9} Oglesby contends that the trial court abused its discretion when it revoked his community control for both offenses because of his failure to pay the court costs, fines imposed, and the fee for the corrective-thinking class.

{¶10} Oglesby is correct that a court cannot deprive a defendant "of his conditional freedom simply because, through no fault of his own, he cannot pay the fine," court costs, or other probation fees. *Beardon v. Georgia,* 461 U.S. 660, 672-673, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1993); *Dockery* at ¶ 14. "Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment." *Beardon* at 673. Nevertheless, the trial court did not revoke Oglesby's community control simply because he could not pay fees and costs. Rather, the court revoked his community control because he failed to complete community service and the corrective-thinking class, and picked up new criminal charges. During the community-control-revocation hearing, the trial court stated:

> This probation violation was pending from October 23rd, the defendant capiased on it. I remember the basis of the violation. He also has a four-count indictment for theft, this was a theft offense. He has a four-count indictment for theft that is pending in felony court. He has a bench trial before me in a month on a theft offense. He has a probation violation on

---

[1] It should be noted that the Hamilton County Municipal Court seems to use the terms "probation" and "community control" interchangeably. Community control is the correct term and will be used throughout this opinion. *See* R.C. 2929.25; *State v. Mack,* 6th Dist. Lucas No. L-11-1065, 2012-Ohio-2960, ¶ 1 (explaining that "prior to the amendment of R.C. 2951.02 and enactment of R.C. 2929.25 under H.B. 490, effective in 2003, the term 'probation' was used when referring to suspended sentences for misdemeanors").

a theft offense coming up on March 8th. He has another theft trial March 13th.

{¶11} Although Oglesby was appointed trial and appellate counsel due to his indigence, and was unemployed at times during the pendency of the cases, there is ample evidence that Oglesby's failure to pay his fines and the fee for the corrective-thinking class was willful and not due to indigence. In fact, Oglesby told the trial court that if he could be placed on electronic monitoring in lieu of jail time, he would take the corrective-thinking class.

{¶12} Oglesby's counsel told the court that he had started two businesses, a print shop and a clothing store, during the same time frame for which he is claiming indigence. He invested in a store, merchandise, and paid employees. His print shop actually enjoyed some success.

{¶13} Even if we were to accept that Oglesby was unable to pay his fines, costs, and fees, the trial court still had the authority to revoke his community control. In the Target store case, Oglesby's failure to report to his probation officer and his new criminal charges both serve as valid grounds upon which the trial court could revoke community control.

{¶14} In the Burlington store case, Oglesby's failure to report to his probation officer, failure to complete community service, and his new criminal charges all serve as valid grounds upon which the trial court could revoke community control.

{¶15} The trial court's decision to revoke Oglesby's community control was not an abuse of discretion. The first assignment of error is overruled.

### *Consecutive Sentences*

{¶16} Oglesby's second assignment of error is moot because Oglesby has completed his sentences.

{¶17} The judiciary's role is to "decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970).

{¶18} In *Lewis*, the defendant contested his charges at trial, sought a stay of execution of sentence, and challenged his conviction on appeal. *Cleveland Hts. v. Lewis,* 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 24. The Ohio Supreme Court held that his appeal was not made moot by the completion of his sentence because he had not voluntarily completed his sentence, the circumstances indicated that he had a substantial stake in the judgment of conviction, and the court could provide redress by finding that he had been wrongfully convicted. *Id.* at ¶ 25.

{¶19} In contrast, where a defendant challenges only his sentence and not his conviction, the defendant's completion of his sentence renders the appeal moot. *State v. Ysrael*, 1st Dist. Hamilton No. C-140148, 2015-Ohio-332, ¶ 18. In *Ysrael*, the defendant only challenged the postrelease-control portion of his sentence, not his conviction. *Id.* at ¶ 13. The principles expounded by the Supreme Court in *Lewis* are not served when a defendant appeals only his sentence and has completed his sentence, because there is no redress which the court can provide. *See id.* at ¶ 13-14. Further, an appellant bears the burden of demonstrating that he is entitled to the relief he seeks. *Id.* at ¶ 14. In Ysrael's case, that meant demonstrating that he was still serving his sentence or was on postrelease-control. *Id.*

{¶20} Oglesby's case is on point with *Ysrael*, not *Lewis*. Oglesby pled no contest to the community-control violations, and on appeal challenges the imposition of consecutive sentences, not his convictions. Oglesby has failed to show that he is still serving his sentences, and so there is no redress this court can provide. For these reasons, Oglesby's second assignment of error is moot, and we will not address it.

### *Conclusion*

{¶21} The trial court had multiple independent reasons upon which it was authorized to revoke Oglesby's community control in both the Target store case and the Burlington store case, and so it was not an abuse of discretion for the court to revoke community control in those cases. Oglesby's challenge to the imposition of consecutive sentences is moot because Oglesby has failed to show that an actual controversy exists upon which this court can provide redress. For the foregoing reasons, the judgments of the trial court are affirmed.

Judgments affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.