[Cite as *State v. Murphy*, 2021-Ohio-1452.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-11-018 |
| | : | O P I N I O N |
| - vs - | | 4/26/2021 |
| | : | |
| MATTHEW MURPHY, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case Nos. CR18500016; CR18500293


Andrew T. McCoy, Clinton County Prosecuting Attorney, Katie Wilkin, 103 E. Main Street, Wilmington, Ohio 45177, for appellee

The Office of John D. Hill, Jr., LLC, John D. Hill, Jr., 125 East Court Street, Suite 1000, Cincinnati, Ohio 45202, for appellant


**S. POWELL, J.**

{¶1} Appellant, Matthew Murphy, appeals the decision of the Clinton County Court of Common Pleas sentencing him to serve two consecutive nine-month prison terms after he was found guilty of violating the terms of his community control in both Case Nos. CRI 18-500-016 and CRI 18-500-293. For the reasons outlined below, this appeal is dismissed

as moot.

{¶2} On November 15, 2018, the trial court held a consolidated sentencing hearing in the above referenced cases, Case Nos. CRI 18-500-016 and CRI 18-500-293. At this hearing, the trial court sentenced Murphy to serve two concurrent two-year community control terms, one two-year community control term for each case. In the months that followed, it is undisputed that Murphy was found to have twice violated the terms of his community control in each of those two cases.

{¶3} On October 29, 2019, the trial court held a sentencing hearing for the community control violations. At this hearing, the trial court sentenced Murphy to two consecutive nine-month prison terms. After imposing its sentence, the trial court then awarded Murphy nine months of jail-time credit for the time he served locally at the STAR Community Justice Center and the Clinton County Jail, plus an additional 79 days.[1]

{¶4} Murphy now appeals the trial court's decision sentencing him to serve two consecutive nine-month prison terms, raising the following single assignment of error for review.

{¶5} THE TRIAL COURT ERRED BY SENTENCING MR. MURPHY TO CONSECUTIVE TERMS OF INCARCERATION IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTION (ODRC) WITHOUT FIRST MAKING THE REQUISITE STATUTORY FINDINGS PURSUANT TO R.C. 2929.14(C)(4).

{¶6} Murphy argues the trial court erred by sentencing him to serve two consecutive nine-month prison terms without first making the requisite consecutive sentence findings as required by R.C. 2929.14(C)(4). Murphy, however, readily admits that

---

1 More information regarding the STAR Community Justice Center can be found at https://www.drc.ohio.gov/star (last accessed Apr. 12, 2021).

he has already served his prison sentence and has since been released from prison and placed on postrelease control.[2]

{¶7} "[W]hen the prison sentence has already been served and the underlying conviction is not at issue, an assertion that the trial court erred in determining the length of that sentence is a moot issue because no relief can be granted." *State v. Biscardi*, 11th Dist. Portage Nos. 2019-P-0003 and 2019-P-0004, 2019-Ohio-4653, ¶ 13; *see, e.g., State v. Oglesby*, 1st Dist. Hamilton Nos. C-180177 and C-180178, 2019-Ohio-1456, ¶ 16-20 (appellant's challenge to the trial court's imposition of consecutive sentences was moot where defendant had already completed his sentence); *State v. Jones*, 8th Dist. Cuyahoga No. 107277, 2019-Ohio-1126, ¶ 12-14 (appellant's claim that the trial court erred by imposing consecutive sentences was moot where appellant had already served his sentence); *State v. McAbee*, 5th Dist. Ashland No. 16 COA 016, 2016-Ohio-8234, ¶ 13-17 (appellant's appeal of the trial court's imposition of consecutive sentences was moot where appellant had already completed the sentence imposed). Such is the case here.

{¶8} In light of the foregoing, because Murphy has already served his prison sentence and been placed on postrelease control, there is no relief that this court can afford. This holds true even if this court were to find merit to Murphy's arguments raised herein. *See, e.g., State v. Jones*, 8th Dist. Cuyahoga No. 108438, 2020-Ohio-1273, ¶ 13, fn. 4 ("[b]ecause there is no relief this court could give [appellant] even if it were to find that consecutive sentences should not have been imposed with respect to the sentences within 614411, i.e., because he has already served maximum consecutive sentences in that case,

---

2. A search of the Ohio Department of Rehabilitation and Correction's website, of which we can take judicial notice, confirms that Murphy was released from prison and placed on postrelease control beginning on May 10, 2020. *See generally State v. Williams*, 12th Dist. Butler Nos. CA2018-01-012 and CA2018-01-013, 2018-Ohio-3989, ¶ 12, fn.1 ("[t]his court has previously determined that we may take judicial notice of the Ohio Department of Rehabilitation and Correction's website to determine if a defendant is incarcerated and his or her date of release"). The results of that search can be found at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A767225 (last accessed Apr. 15, 2021).

his assignments of error related to those consecutive sentences are moot"). Therefore, because there is no relief that this court can afford to Murphy given that Murphy has already completed his prison sentence, Murphy's appeal challenging the trial court's decision to impose consecutive sentences in this matter must be dismissed as moot.

{¶9}  Appeal dismissed.

PIPER, P.J., and M. POWELL, J., concur.