[Cite as *State v. Scott*, 2022-Ohio-745.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

KENNETH J. SCOTT,

    DEFENDANT-APPELLANT.

CASE NO. 1-21-41

O P I N I O N

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

KENNETH J. SCOTT,

    DEFENDANT-APPELLANT.

CASE NO. 1-21-42

O P I N I O N

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

KENNETH J. SCOTT,

    DEFENDANT-APPELLANT.

CASE NO. 1-21-43

O P I N I O N

Case No. 1-21-41, 1-21-42, 1-21-43

---

**Appeals from Lima Municipal Court**
**Trial Court Nos. 20CRB02349, 21CRB382 and 20CRB02361**

**Judgments Affirmed**

**Date of Decision:  March 14, 2022**

---

**APPEARANCES:**

*Thomas J. Lucente Jr.* **for Appellant**

*Joseph C. Snyder* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Kenneth J. Scott ("Scott") brings these appeals from the judgments of the Lima Municipal Court finding him guilty of one charge of menacing, one charge of telecommunications harassment and one charge of violating a protection order and sentencing him on those convictions.  Scott alleges on appeal that the convictions were against the manifest weight of the evidence, that the trial court erred in sentencing him to maximum, consecutive sentences, and that the trial court erred in imposing financial sanctions without considering Scott's ability to pay.  For the reasons set forth below, the judgments are affirmed.

Case No. 1-21-41, 1-21-42, 1-21-43

*Case Number 20 CRB 02349A & B[1]*

{¶2} On December 4, 2020, Benny Hager Jr. ("Hager") received a phone call in Lima, Ohio from Scott. ADoc. 3. Scott was in the Allen County Jail at that time on unrelated felony gun charges and wanted Hager to bring him $105,000 for bail. ADoc. 3. When Hager told Scott he did not have that kind of money, Scott threatened to kill Hager and his family. ADoc. 3. Hager then called law enforcement. ADoc. 3. Complaints were filed on December 11, 2020 charging Scott with 1) telecommunications harassment in violation of R.C. 2917.121(B)(1), a misdemeanor of the first degree (case number 20 CRB 02349A) and 2) menacing in violation of R.C. 2903.22(A), a misdemeanor of the fourth degree (case number 20 CRB 02349B). ADoc. 4 and 6. Scott made an initial appearance on December 18, 2020 and entered pleas of not guilty. ADoc. 8. The trial court released Scott on his own recognizance, but ordered him to have no contact with Hager and to stay away from his residence. ADoc. 9. A change of plea hearing was held on May 27, 2021 and, pursuant to a plea agreement, Scott entered a no contest plea to the menacing charge. ADoc. 15. The telecommunication harassment charge was dismissed as agreed by the parties. ADoc. 14. The trial court accepted the plea of no contest and subsequently found Scott guilty of menacing. ADoc. 15. On Augues17, 2021, the trial court sentenced Scott to 30 days in jail to be served

---

[1] The docket in this case will be referred to as "ADoc."

concurrently to the sentence in case number 21 CRB 00382 and a fine of $150 along with court costs. ADoc. 16. Scott filed a timely appeal from this judgment. ADoc. 20.

*Casen Number 20 CRB 02361*[2]

{¶3} On December 15, 2020, Scott called Ariel Howell ("Howell") on the phone and contacted her on Facebook while she was at an address in Lima, Ohio. Doc. 1 Scott wanted Howell to accuse Hager of sexual harassment, which had not occurred, and threatened her when she refused. BDoc. 1. A complaint was filed charging Scott with telecommunications harassment in violation of R.C. 2917.21(B)(1), a misdemeanor of the first degree (case number 20 CRB 02361). BDoc. 2. Scott appeared before the trial court on December 21, 2020, and entered a plea of not guilty. BDoc. 4. On May 27, 2021, Scott withdrew his not guilty plea and entered a plea of no contest. BDoc. 10. The trial court subsequently found Scott guilty of telecommunication harassment. BDoc. 10. On August 17, 2021, the trial court sentenced Scott to 120 days in jail with 60 days suspended, a fine of $150, and court costs. BDoc. 13. The trial court ordered that the jail sentence be served consecutive to that imposed in case number 20 CRB 02349. BDoc. 13. Scott filed a timely appeal from this judgment. BDoc. 15.

---

[2] The docket in this case will be identified as "BDoc."

Case No. 1-21-41, 1-21-42, 1-21-43

*Case Number 21 CRB 00382[3]*

**{¶4}** On March 6, 2021 in Lima, Ohio, Scott was observed within 500 yards of Hager's home and posting threats to Hager on Facebook after the trial court had ordered that Scott have no contact with Hager and not be near Hager's home. CDoc. 1. A complaint was filed charging Scott with violation of a protections order in violation of R.C. 2919.27(A)(2), a misdemeanor of the first degree (case number 21 CRB 00382). CDoc. 2. Scott appeared before the trial court on March 23, 2021, and entered a plea of not guilty. CDoc. 5. On August 17, 2021, Scott withdrew his not guilty plea and entered a plea of no contest. CDoc. 13. The trial court subsequently found Scott guilty of violation of a protection order. CDoc. 13. The trial court immediately sentenced Scott to 180 days in jail, a fine of $150, and court costs. CDoc. 13. The trial court ordered that the jail sentence be served concurrent to that imposed in case number 20 CRB 02349. CDoc. 13. Scott filed a timely appeal from this judgment. CDoc. 16.

**{¶5}** On appeal Scott raises three assignments of error.

**First Assignment of Error**
**The trial court abused its discretion when it sentenced [Scott] to maximum jail terms and ran the terms consecutive to each other.**

**Second Assignment of Error**

**The trial court erred when it imposed a financial sanction upon an indigent defendant without determining the defendant's ability to pay and to consider community service instead.**

---

[3] The docket in this case will be identified as "CDoc."

**Third Assignment of Error**

**The trial court erred when it found defendant guilty against the manifest weight of the evidence.**

{¶6} In the interest of clarity, we will address the assignments of error out of order.

*Manifest Weight of the Evidence*

{¶7} In the first assignment of error, Scott claims that his convictions were against the manifest weight of the evidence. When reviewing a judgment to determine if it is against the manifest weight of the evidence, an appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Mendoza*, 137 Ohio App.3d 336, 738 N.E.2d 822 (3d Dist. 2000). See, also, *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. *Thompkins* at 387, 678 N.E.2d 541. Although the appellate court acts as a "thirteenth juror," due deference to the findings made by the fact-finder must still be given. *State v. Moorer*, 3d Dist. Seneca No. 13–12–22, 2013-Ohio-650, ¶ 29.

{¶8} Scott claims on appeal that the convictions were against the manifest weight of the evidence because in cases numbered 20 CRB 02349 and 20 CRB 02361 the prosecutor did not state that the offense occurred in Allen County, Ohio, thus failing to establish jurisdiction. A review of the record shows that Scott entered pleas of no contest to these charges. A plea of no contest is an admission to the accuracy of the facts alleged in the complaints. Crim.R. 11(B)(2). The affidavits for the statements of facts filed with the complaints both stated that the offenses charged occurred at addresses in Lima, Ohio. Scott admitted to the accuracy of those statements when he entered pleas of no contest.

{¶9} Scott also claims that the prosecutor failed to show in case number 21 CRB 00382 that there was a protection order in place and that Scott recklessly violated it. As discussed above, Scott admitted to the facts alleged in the complaint by entering a plea of no contest. Specifically, the complaint alleged as follows.

> **[Scott] did recklessly violate the terms of a protection order issued or consent agreement approved pursuant to section 2151.34, 2903.213, or 2903.14 of the Revised Code, to-wit: Case No: CP2020-0128 issued in Allen County Common Pleas Court Civil Division[.]**

CDoc. 2. The affidavit for statement of facts filed with the complaint indicates that the protection order was issued on January 13, 2021, and that Scott violated it by 1) having contact with Hager, 2) coming within 500 yards of the residence and 3) posting threats against Hager on Facebook. CDoc. 1.

{¶10} Having reviewed the records in the cases, there was evidence to support the findings of guilt by the trial court. The evidence did not weigh heavily against conviction. Thus, the judgments were not against the manifest weight of the evidence and the third assignment of error is overruled.

*Maximum Consecutive Sentences*

{¶11} In the first assignment of error, Scott claims that the trial court erred by imposing maximum consecutive sentences. Initially, this court notes that the only sentence imposed to be served consecutive to another was that in case number 20 CRB 2361, which was ordered to be consecutive to the sentence in 20 CRB 2349. The sentences in 20 CRB 2349 and 21 CRB 00382 were ordered concurrent. Additionally, the sentence in CRB 2361 was not a maximum sentence as it was a first degree misdemeanor and only a sentence of 120 days was imposed when the maximum was 180 days. Altogether, Scott served 180 days and was set for release on February 12, 2022. *See* ADoc. 16-17, BDoc. 13-14, and CDoc. 13-14. If the trial court had imposed maximum consecutive sentences, Scott would have been ordered to serve 390 days in jail.

{¶12} Additionally, the sentences in 20 CRB 2349 and 20 CRB 2361 (90 days total) were served concurrently to the sentence in 21 CRB 00382 (180 days total). This sentence ended on February 12, 2022. Thus the imposed sentences have been fully served. When a sentence has been completed, a challenge to the length of the sentence is moot because there is no relief to be given. *See State v. Murphy*,

12th Dist. Clinton No. CA2019-11-018, 2021-Ohio-1452; *State v. Biscardi*, 11th Dist. Portage Nos. 2019-P-0003 and 2019-P-0004, 2019-Ohio 4653; *State v. Oglesby*, 1st Dist. Hamilton Nos. C-180177 and C-180178, 2019-Ohio-1456; *State v. Jones*, 8th Dist. Cuyahoga No. 107277, 2019-Ohio-1126; and *State v. McAbee*, 5th Dist. Ashland No. 16 COA 016, 2016-Ohio-8234. A review of the records shows that no stay was requested. The docket sheets in each case show that the commitment writs were returned. From a review of the record, it appears that these sentences are completed. Thus there is no relief we can provide for Scott and the first assignment of error is overruled as moot.

*Ability to Pay*

{¶13} Scott claims in the second assignment of error that the trial court erred by imposing financial sanctions without first considering his ability to pay since he was being represented by the Public Defender's Office.

> **(A) In addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. If the court in its discretion imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:**
>
> **(2) A fine of the type described in divisions (A)(2)(a) and (b) of this section payable to the appropriate entity as required by law[.]**
>
> **\* \* \***

> **(B) If the court determines a hearing is necessary, the court may hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs.**

R.C. 2929.28. For the two first degree misdemeanors, the maximum fine would be $1,000 each. R.C. 2929.28(A)(2)(a)(i). The maximum fine for the fourth degree misdemeanor is $250. R.C. 2929.28(A)(2)(a)(iv). Each sentence included a fine of $150, which was below the maximum allowed fine. The statute provides that the trial court has the discretion as to whether to hold a hearing regarding the ability of a defendant to pay. A review of the record in this case shows that at no point did Scott raise the issue of his alleged inability to pay the fines, thus making the standard of review one of plain error. *State v. Hacker,* 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 26, 161 N.E.3d 112. In addition, no affidavit of indigency was ever filed with the trial court. Although no hearing was held, it is not necessary that one be held in order for the issue of ability to pay be considered. *State v. Hall*, 2d Dist. Montgomery No. 27695, 2018-Ohio-2321, ¶ 54, 114 N.E.3d 730. At the sentencing hearing, Scott indicated that he was employed. Tr. 13. The trial court can consider the issue based upon a pre-sentence investigation report ("PSI") that contains pertinent information. *Id*. The PSI in this case shows that Scott was only 30 years old and had been working before he was arrested on other charges. The statement by Scott at the sentencing hearing and the PSI showed that Scott was employable and most likely would have the future ability to pay the total fines of $450. No

argument was made to the contrary. Based upon the evidence before it, the trial court did not abuse its discretion in imposing fines as part of the sentences. The second assignment of error is overruled.

{¶14} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Lima Municipal Court are affirmed.

*Judgments Affirmed*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**