[Cite as *State v. Rice*, 2012-Ohio-4084.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY

STATE OF OHIO      :

           :   Appellate Case No. 2011-CA-74

   Plaintiff-Appellee   :

           :   Trial Court Case No. 2009-CR-20

v.           :

           :

JAMIE L. RICE      :   (Criminal Appeal from

           :    Common Pleas Court)

   Defendant-Appellant  :

           :

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of September, 2012.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by NATHANIEL R. LUKEN, Atty. Reg. #0087864, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
   Attorney for Plaintiff-Appellee

JAMIE L. RICE, #A609174, Allen Correctional Institution, C-Unit, 2338 North West Street, Lima, Ohio 45801
   Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}  Jamie Rice appeals pro se from the trial court's dismissal of his "motion to

vacate allied offenses and costs."

**{¶ 2}** Rice filed the foregoing motion in November 2011, more than two years after his July 2009 conviction and sentence following a guilty plea to charges of rape, child endangering, and gross sexual imposition. In his motion, Rice asked the trial court "to vacate the allied offenses and various costs that were imposed against him in his plea and sentencing hearing * * *." (Doc. #66 at 1). In support, Rice argued that rape, child endangering, and gross sexual imposition were allied offenses of similar import. He also challenged the trial court's imposition of costs, asserting: (1) that court costs should not have been imposed because he is indigent, (2) that his attorney provided ineffective assistance by not objecting to court costs, and (3) that "court costs" do not include "costs of prosecution," which have been included on the clerk's cost bill.

**{¶ 3}** The State moved to dismiss Rice's motion, arguing that it was, at best, an untimely petition for post-conviction relief. (Doc. #69). The trial court dismissed the motion on November 30, 2011, finding that it "no longer [had] jurisdiction to hear any motions in the form presented by the defendant." The trial court added: "If the Defendant is trying to file a post-conviction relief petition, this motion does not comply with the criminal rules and Ohio Revised Code." (Doc. #71). On December 27, 2011, Rice appealed from the trial court's dismissal of his motion.

**{¶ 4}** Before turning to Rice's assignments of error, we pause to address the State's claim that his appeal is untimely and that we lack jurisdiction over it. The State notes that Rice filed his notice of appeal more than two years after his conviction. As a result, the State contends we lack jurisdiction under App.R. 4(A), which requires a notice of appeal to be filed

within thirty days of the judgment being appealed. The State adds that "[a]ny appeal by Appellant would be limited to the trial court's decision with regard to his Motion to Vacate Allied Offenses and Costs, however, neither of Appellant's assignments of error discusses that decision."

{¶ 5} Although we agree with the State's logic, we do not agree that it deprives us of jurisdiction. Rice timely appealed from the trial court's dismissal of his motion to vacate allied offenses and costs. Therefore, we have jurisdiction over the appeal of that decision. Whether the issues he raises on appeal are related to the trial court's dismissal entry is a separate, non-jurisdictional question. If the issues Rice raises are unrelated to the trial court's ruling on his motion, then his appeal may lack merit. But that would not affect our jurisdiction. Rice's two assignments of error are:

**First Assignment of Error**

THE TRIAL COURT ERRED IN FAILING TO MERGE THE CONVICTIONS OF THE ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO OHIO REVISED CODE SECTION 2941.25.

**Second Assignment of Error**

THE TRIAL COURT ERRED IN ASSESSING COSTS AGAINST THE APPELLANT THAT WERE NOT IMPOSED AT SENTENCING.

{¶ 6} In his first assignment of error, Rice asserts that the trial court should have granted his motion to merge his convictions because they were allied offenses of similar import. This argument lacks merit for at least three reasons. First, Rice's motion appears to be the functional equivalent of a petition for post-conviction relief. The motion was untimely

because it was not filed within 180 days after the time for filing an appeal expired, and the conditions for extending that time were not satisfied. *See* R.C. 2953.21(A)(2) and R.C. 2953.23(A). Second, Rice could have raised his allied-offense argument in a direct appeal. Res judicata precludes him from doing so now. *State v. Pound*, 2d Dist. Montgomery Nos. 24789, 24980, 2012-Ohio-3392, ¶14 ("[W]hen an appellant does not raise the issue of merger in a timely direct appeal, the challenge is barred by the doctrine of res judicata."). Third, Rice's crimes were not allied offenses of similar import. The rape conviction involved inserting a device into a four-year-old child's anal cavity. The child-endangering conviction involved administering excessive corporal punishment. The gross sexual imposition conviction involved touching the child's penis. (Doc. #29). Because these offenses involved separate conduct and a separate animus, merger was not required. *See*, *generally*, *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. Accordingly, the first assignment of error is overruled.

{¶ 7} In his second assignment of error, Rice claims court costs should not have been imposed because he is indigent. He also contends his trial counsel provided ineffective assistance by not objecting to court costs. Once again, res judicata precludes Rice from raising these issues, which could have been pursued on direct appeal. As for Rice's claim that "court costs" differ from "costs of prosecution," we disagree. Under R.C. 2947.23(A)(1), the trial court was required to order Rice to pay the "costs of prosecution." We note that "costs of prosecution" and "court costs" have been found to be synonymous. See *State v. Christy*, 3d Dist. Wyandot No. 16-04-04, 2004-Ohio-6963, ¶ 22 ("Although the statute does not define the term 'costs of prosecution,' we conclude after review that the term means 'court costs' in a

criminal case.").

{¶ 8}    Finally, Rice challenges the adequacy and accuracy of a cost statement dated July 31, 2009. The statement includes separate clerk fees, sheriff fees, and steno fees totaling $477.89.[1] Because the statement was prepared the same day Rice's final judgment entry was filed, he could have raised any issues concerning the statement on direct appeal. He cannot properly raise those issues more than two years later in an untimely motion to vacate. The second assignment of error is overruled.

{¶ 9}    The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

Stephen K. Haller
Nathaniel R. Luken
Jamie L. Rice
Hon. Steven Wolaver

---

[1] A copy of the statement is attached to Rice's appellate brief as exhibit A-3. A similar statement in the same amount is included in the record below.