[Cite as *Cleveland v. Ruiz*, 2018-Ohio-4604.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
### No. 106743

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**YACHIRA M. RUIZ**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2017 CRB 017802

**BEFORE:** Stewart, J., E.A. Gallagher, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** November 15, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

David Martin King
Cullen Sweeney
Assistant Public Defenders
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
City of Cleveland

Karyn J. Lynn
Assistant City Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Yachira M. Ruiz appeals after the trial court found her guilty of assault and aggravated menacing. On appeal, Ruiz raises two assignments of error. In the first, she argues that her conviction for aggravated menacing is based on insufficient evidence. In the second, she argues that the court erred by imposing court costs.

{¶2} The city's sole witness at trial was the victim. She testified about her relationship with Ruiz and the events that gave rise to Ruiz's convictions. The victim and Ruiz are related and have an acrimonious relationship. At one point in time, Ruiz's mother, who lived with Ruiz, stopped living with Ruiz and moved in with the victim. The victim testified that this precipitated "a lot" of "friction" between her and Ruiz, and that she ultimately changed her phone number as a means of limiting contact with Ruiz.

{¶3} The victim testified that one day while she was driving, a car stopped in front of her. Four people got out and approached her. She recognized Ruiz and Ruiz's daughter, but she did not know the other woman or the man that accompanied them. The victim testified that Ruiz tried to take a picture or a video of her as she approached the victim in her car. Ruiz opened the car door and began hitting the victim who was still wearing her seatbelt. The victim was able to get out of the car and began fighting back in an attempt to defend herself.

{¶4} The struggle continued onto the ground and the victim stated that Ruiz was on top of her, punching her. The victim indicated that Ruiz's accomplices also participated in the attack, but she was unsure about the extent of their involvement. She stated that she and one of the women "were grabbing each other by the hair." At one point in her testimony, the victim said it was Ruiz's daughter and at another point she said it was Ruiz. She indicated that Ruiz punched her several times. The skirmish ended when onlookers gathered and Ruiz got back in the

vehicle and drove off. On this evidence, in addition to two photographs depicting the victim's swollen face and scraped up knee, the trial court found Ruiz guilty of assault and aggravated menacing.

{¶5} In her first assignment of error, Ruiz argues that the city failed to provide sufficient evidence to prove that the victim feared Ruiz would cause her serious physical harm. We agree, and the city more or less conceded the error in oral argument.

{¶6} When considering a challenge to the sufficiency of the evidence, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 150, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶7} Cleveland Codified Ordinances 621.06 defines the crime of aggravated menacing, a first-degree misdemeanor, and provides: "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his or her immediate family."[1] In order to convict Ruiz of aggravated menacing, the city was required to present evidence of the victim's subjective belief of her fear of serious physical harm. *See State v. Thomas*, 8th Dist. Cuyahoga No. 104174, 2017-Ohio-957, ¶ 22; *see also In re Amos*, 3d Dist. Crawford No. 3-04-07, 2004-Ohio-7037, ¶ 21 ("[T]here must be evidence in the record to support a trial court's finding that the alleged victim experienced fear of serious physical harm."); *see also Dayton v. Douglas*, 2d Dist. Montgomery No. CA 9841, 1987

---

[1] For purposes of this analysis, we note that conduct punishable under Cleveland Codified Ordinances 621.06 would also be punishable under R.C. 2903.21, which in relevant part provides "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

Ohio App. LEXIS 5618, 3-4 (Jan. 23, 1987) (rejecting objective "reasonable person" test to prove aggravated menacing).

{¶8} Review of the record reflects that the city presented no evidence to establish that the victim had a subjective belief Ruiz would harm her, let alone the belief that Ruiz would cause her serious physical harm. *Compare Cleveland v. Reynolds*, 8th Dist. Cuyahoga No. 105546, 2018-Ohio-97, ¶ 7 (sufficient evidence to prove aggravated menacing where defendant threatened to kick victim's teeth down her throat and victim testified as to her belief of the threat happening based on their prior history).

{¶9} In its brief, the city makes no argument as to whether it presented sufficient evidence to prove aggravated menacing. Instead, it relies on the unsupported assertion that Ruiz failed to challenge the evidence of aggravated menacing before the trial court, concluding that Ruiz, therefore, waived any challenge to sufficiency on appeal. Our review of the record indicates that counsel for Ruiz challenged the sufficiency of the evidence as to both counts against her. And as previously mentioned, the city conceded the error at oral argument. We sustain Ruiz's first assignment of error.

{¶10} In her second assignment of error, Ruiz argues that the court erred by imposing the cost of prosecution. She complains that the court imposed court costs without considering her ability to pay and did so outside of her presence.

{¶11} R.C. 2947.23 requires a trial court to assess the cost of prosecution against all criminal defendants, regardless of whether that person is indigent. *Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, at ¶ 231. Because court costs are mandatory, a trial court need not consider a defendant's ability to pay before imposing them. *State v. Miller*, 8th Dist. Cuyahoga No. 106051, 2018-Ohio-2127, ¶ 22.

**{¶12}** Ruiz argues that pursuant to R.C. 2947.14, the trial court should have considered her ability to pay before it imposed court costs. However, R.C. 2947.14, which relates to financial sanctions, has no application to the imposition of court costs. *See, e.g., State v. Grant*, 8th Dist. Cuyahoga No. 104918, 2018-Ohio-1759, ¶ 47.

**{¶13}** Ruiz also argues that pursuant to *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, it was error for the court to order her to pay costs when it did not do so at the sentencing hearing. "*Joseph* is no longer good law." *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, ¶ 263. The trial court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." (Emphasis deleted.) *Id*. at ¶ 265, citing R.C. 2947.23(C). As such, Ruiz can move the court at any time to waive the payment of costs. A remand is not required. *See Beasley* at ¶ 265. We overrule this assignment of error.

**{¶14}** Judgment reversed and remanded to the trial court to vacate the conviction for aggravated menacing.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR