[Cite as *State v. Hidvegi*, 2019-Ohio-3893.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO        :

     Plaintiff-Appellee,      :

     v.      :

ANDREW HIDVEGI,      :

     Defendant-Appellant.      :

Nos. 108229 and 108928

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** September 26, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-627507-B, CR-18-628365-B,
CR-18-628738-B, and CR-18-632805-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer King, Assistant Prosecuting Attorney, *for appellee.*

The Law Offices of Eric L. Foster, L.L.C., and Eric L. Foster, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Andrew Hidvegi, appeals his sentence for drug trafficking in Cuyahoga C.P. No. CR-18-632805-A. He raises one assignment of error for our review:

> The trial court erred by imposing a sentence in the sentencing entry which differed from the sentence pronounced at the sentencing hearing.

{¶ 2} The state concedes the error. After review, we agree. Accordingly, we vacate Hidvegi's sentence for drug trafficking and remand for resentencing. Additionally, we are also remanding for the trial court to (1) correct its November 6, 2018 journal entry to reflect that Hidvegi was sentenced to two, not six, years for burglary in Cuyahoga C.P. No. CR-18-628738-B, and (2) correct its October 31, 2018, and November 6, 2018 journal entries in Cuyahoga C.P. No. CR-18-628365-B, which failed to state that Count 2 for escape was dismissed.

## I. Procedural History and Factual Background

{¶ 3} In April 2018, a Cuyahoga County Grand Jury indicted Hidvegi for one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree; one count of grand theft in violation of R.C. 2913.02(A)(1), a felony of the third degree; and one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree in Cuyahoga C.P. No. CR-18-627507-B.

{¶ 4} In May 2018, a Cuyahoga County Grand Jury indicted Hidvegi for two counts of escape in violation of R.C. 2921.34(A)(1), one being a felony of the third

degree and the other being a felony of the fifth degree, and one count of vandalism in violation of R.C. 2909.05(B)(1)(a), a felony of the fifth degree in Case No. 628365.

{¶ 5} Also in May 2018, a Cuyahoga County Grand Jury indicted Hidvegi for one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree, and one count of petty theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree in Case No. 628738.

{¶ 6} In October 2018, a Cuyahoga County Grand Jury indicted Hidvegi for one count of drug trafficking in violation of R.C. 2925.03(A)(1), a felony of the fifth degree; one count of drug trafficking in violation of R.C. 2925.03(A)(2), a felony of the fifth degree; one count of drug possession in violation of R.C. 2925.11(A), a felony of the fifth degree; one count of possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree; and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree in Case No. 632805. All of the counts carried forfeiture specifications.

{¶ 7} In October and November 2018, Hidvegi accepted plea offers in all of the cases.

{¶ 8} In Case No. 627507, Hidvegi pleaded guilty to an amended count of burglary, which was now a felony of the third degree, and one count of theft, a fifth-degree felony, as charged. The trial court dismissed the count for grand theft.

{¶ 9} In Case No. 628365, Hidvegi pleaded guilty to one count of escape, a felony of the third degree. The trial court dismissed the remaining count for escape and the count for vandalism. The trial court's October 31, 2018 journal entry

regarding the plea and its November 6, 2018 journal entry regarding sentencing, however, failed to state that Count 2 for escape was also dismissed.

{¶ 10} In Case No. 628738, Hidvegi pleaded guilty to one count of burglary, a second-degree felony, and one count of petty theft, a first-degree misdemeanor, as charged in the indictment.

{¶ 11} In Case No. 632805, Hidvegi pleaded guilty to one count of drug trafficking, a fifth-degree felony, and the trial court dismissed the remaining counts.

{¶ 12} At the sentencing hearing, the trial court imposed the following sentences:

Case No. 627507: Two years for burglary (F3) and six months for theft (F5)

Case No. 628365: Two years for escape (F3)

Case No. 628738: Two years for burglary (F2) and six months for petty theft (M1)

Case No. 632805: Six years for drug trafficking (F5)[1]

{¶ 13} The trial court ordered that Hidvegi serve all of the sentences concurrent to one another, giving him an aggregate sentence of six years. It advised Hidvegi that he would have mandatory three-year periods of postrelease control for the counts for burglary and escape and discretionary three-year periods of postrelease control for the counts for theft and drug trafficking.

---

[1] The trial court also terminated Hidvegi's probation in Cuyahoga C.P. Nos. CR-16-605934 and CR-17-621815, which are not the subject of this appeal.

{¶ 14} In Case No. 628738, the trial court's sentencing journal entry stated that it imposed a six-year prison term for burglary, which differed from its oral pronouncement of two years at sentencing.

{¶ 15} Additionally, in Case No. 632805, the trial court's sentencing journal entry stated that it imposed a six-month prison sentence for drug trafficking, which differed from its oral pronouncement of six years at the hearing.

{¶ 16} Hidvegi now appeals his six-year sentence in Case No. 632805.

## II. Law and Analysis

{¶ 17} In his sole assignment of error, Hidvegi argues that the trial court erred when it imposed a six-year sentence for drug trafficking in Case No. 632805 and set forth a different sentence for that conviction in its sentencing journal entry. The state concedes the errors, and upon our review of the record, we agree.

{¶ 18} Hidvegi's six-year sentence for drug trafficking is contrary to law. Under R.C. 2929.14(A)(5), a trial court may only impose a sentence of 6 to 12 months for a felony of the fifth degree. At the sentencing hearing, the trial court imposed a six-year sentence for Hidvegi's drug trafficking conviction. While the trial court imposed a six-month sentence in its sentencing journal entry, "[a] trial court cannot impose a sentence in the sentencing entry that differs from that it imposed at the sentencing hearing." *State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016-Ohio-3320, ¶ 18. Therefore, the trial court was unable to correct its mistake simply through a journal entry. Hidvegi's sentence for drug trafficking in Case No. 632805 is vacated and remanded, and we sustain Hidvegi's assignment of error. Upon

remand, the trial court must hold a new sentencing hearing in regard to Hidvegi's conviction for drug trafficking in Case No. 632805.

{¶ 19} Additionally, the trial court's November 6, 2018 sentencing journal entry for Case No. 628738 contains a clerical error that must be remanded and corrected through a nunc pro tunc entry.

{¶ 20} A nunc pro tunc entry can be used to correct mathematical calculations and typographical or clerical errors, i.e., "'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10; *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15, quoting *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 865 N.E.2d 263. However, proper use of a nunc pro tunc order "'is limited to memorializing what the trial court actually did at an earlier point in time, such as correcting a previously issued order that fails to reflect the trial court's true action,' [and] 'not what the court might or should have decided or what the court intended to decide.'" *State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 15, quoting *Spears,* and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. A nunc pro tunc entry relates back to the date of the original entry. *Id.*, citing *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010.

{¶ 21} "Thus, where a clerical or mathematical error exists in a sentencing entry, a nunc pro tunc entry may be properly used to correct the sentencing entry to

reflect the sentence the trial court actually imposed upon the defendant at the sentencing hearing." *Id.* at ¶ 16.

{¶ 22} In Case No. 628738, the trial court sentenced Hidvegi to two years for his burglary conviction at the sentencing hearing. However, the trial court's sentencing journal entry stated that it sentenced Hidvegi to six years for burglary. Unlike its sentence for drug trafficking, the two-year sentence the trial court imposed for burglary comports with R.C. 2929.14(A)(2)(a), which allows a trial court to impose a sentence of two to eight years for a second-degree felony.

{¶ 23} Therefore, the error is clerical, and the trial court should correct its November 6, 2018 journal entry in Case No. 628738 via a nunc pro tunc entry to reflect that Hidvegi's sentence for burglary was two, not six, years.

{¶ 24} Lastly, Case No. 628365 is also remanded for the trial court to correct its October 31, 2018, and November 6, 2018 journal entries via a nunc pro tunc entry to reflect that Count 2 for escape was also dismissed.

{¶ 25} Judgment vacated and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
RAYMOND C. HEADEN, J., CONCUR