[Cite as *State v. Jones*, 2020-Ohio-1273.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,             :

                                 No. 108438

v.                                      :

JUMAINE JONES,                          :

    Defendant-Appellant.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; VACATED IN PART; REMANDED

**RELEASED AND JOURNALIZED:** April 2, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-614411-A and CR-17-614412-A

---

#### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gittel L. Chaiko, Assistant Prosecuting Attorney, *for appellee.*

Erin R. Flanagan, Esq., Ltd. and Erin R. Flanagan, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Jumaine Jones appeals from the trial court's orders in Cuyahoga C.P. Nos. CR-17-614411 ("614411") and CR-17-614412 ("614412") imposing previously suspended jail sentences and ordering Jones to pay $2,532.30

in extradition costs after Jones violated community control sanctions. For the reasons that follow, in 614412, we vacate Jones' consecutive sentences and remand for resentencing. In both cases, we vacate the trial court's orders requiring Jones to pay extradition costs. We otherwise affirm the trial court.

**Procedural History and Factual Background**

{¶ 2} On February 16, 2017, a Cuyahoga County Grand Jury indicted Jones in 614411 and 614412. In 614411, Jones was indicted on two counts of criminal nonsupport in violation of R.C. 2919.21(B). In 614412, Jones was indicted on four counts of criminal nonsupport in violation of R.C. 2919.21(B). The charges related to Jones' failure to pay child support for two minor children. Each of the counts included furthermore specifications, indicating that Jones had failed to provide child support for a total accumulated period of 26 weeks out of 104 consecutive weeks, making them fifth-degree felonies. Jones initially pled not guilty to all charges.

{¶ 3} The parties reached a plea agreement and, on August 14, 2018, Jones pled guilty to two amended counts of criminal nonsupport in violation of R.C. 2919.21(B) in 614411 and four amended counts of criminal nonsupport in violation of R.C. 2919.21(B) in 614412. Pursuant to the plea agreement, the specifications were deleted, making each of the counts a first-degree misdemeanor.

{¶ 4} The trial court proceeded directly to sentencing. The trial court sentenced Jones to six months in jail on each count and suspended his jail sentences.

In its August 14, 2018 sentencing journal entry in 614411, the trial court stated: "Jones is sentenced to the Cuyahoga County Jail for a term of 12 month(s). Execution of sentence suspended." In its August 14, 2018 sentencing journal entry in 614412, the trial court stated: "Jones is sentenced to the Cuyahoga County Jail for a term of 24 month(s). Execution of sentence suspended." After suspending his sentences, the trial court sentenced Jones to five years of community control sanctions[1] under the supervision of the adult probation department's nonsupport unit. The trial court advised Jones that if he failed to comply with the terms and conditions of his community control sanctions, he would "be sent to the county jail for six months on each of these counts." The trial court also ordered Jones to pay restitution of $199,803.79 and $1,581.31 per month in child support in 614411, restitution of $128,303.38 and $1,795.72 per month in child support in 614412 and entered judgment against Jones in both cases "in an amount equal to the costs of this prosecution."

{¶ 5} Jones did not object to, or appeal, his sentences. On August 15, 2018, Jones was granted permission to travel. Jones failed to comply with the terms and conditions of his community control sanctions and the trial court scheduled a

---

[1] The terms and conditions of Jones' community control sanctions were as follows: (1) abide by all rules and regulations of the probation department; (2) be assigned to appropriate level of supervision based on risk score and assessment results; (3) report as directed by the probation officer; (4) attend nonsupport programming as determined by the probation officer; (5) attend additional programming as directed by the probation officer or indicated in case plan; (6) make monthly child support payments as directed; (7) pay a monthly supervision fee of $20; and (8) comply with drug and alcohol testing as determined by the probation officer. These terms and conditions were subject to modification by the probation officer with court approval.

community control violation hearing for November 28, 2018. When Jones failed to appear for the community control violation hearing, a capias was issued for his arrest. On March 24, 2019, Jones was apprehended at McCarren Airport in Las Vegas, Nevada and extradited to Cuyahoga County.

{¶ 6} On April 9, 2019, the trial court held a community control violation hearing. Jones' probation officer stated that during the time Jones was under community control sanctions he had failed to make any child support payments, had not complied with his reporting obligations to his probation officer and had outstanding fees and costs that he owed to the court. Jones admitted these community control violations.

{¶ 7} The trial court found Jones to have violated his community control sanctions, determined that he was not amenable to further community control sanctions, terminated his community control sanctions and imposed the previously suspended sentences. In 614411, the trial court sentenced Jones to an aggregate 12-month jail sentence, i.e., six months in the Cuyahoga County jail on each of the two counts to be served consecutively to each other and concurrently with the sentences in 614412.

{¶ 8} In 614412, at the April 9, 2019 hearing, the trial court sentenced Jones to an aggregate 24-month jail sentence, i.e., six months in the Cuyahoga County jail on each of the four counts to be served consecutively to each other and concurrently with the sentences in 614411. In its April 15, 2019 sentencing journal entry, the trial

court added that "70 days" of Jones' sentence was "suspended" and that his "aggregate total sentence is reduced to less than 18 months per statute."

**{¶ 9}** In both cases, the trial court granted Jones 104 days of jail-time credit, ordered him to pay $2,532.30 in "extradition fees" or "extradition costs"[2] and entered judgment against him "in an amount equal to the costs of this prosecution." Jones did not object to trial court's assessment of the extradition expenses against him.

**{¶ 10}** Jones appealed, raising the following three assignments of error for review:

> First Assignment of Error: The trial court erred when it ordered consecutive service of the jail terms imposed within Case Numbers CR-17-614411 and CR-17-614412 after revoking appellant's community control because it was without authority to modify its prior sentencing judgments, which did not validly impose consecutive sentences.
>
> Second Assignment of Error: The trial court abused its discretion in sentencing appellant to maximum consecutive terms of imprisonment for failure to adhere strictly to the terms of his criminal nonsupport orders.
>
> Third Assignment of Error: The trial court plainly erred in ordering appellant to pay $2,532.30 in "extradition fees" after finding him indigent and, further, sentencing him as a misdemeanant.

---

[2] In its April 15, 2019 sentencing journal entry in 614411, the trial court referred to the sum as "extradition costs." In its April 15, 2019 sentencing journal entry in 614412, the trial court referred to the $2,532.30 as "extradition fees." At the sentencing hearing, the trial judge stated: "I'm going to order the extradition costs to be paid as well, [$]2532.30. Reimbursement for extradition costs through our court." He later distinguished the "extradition costs" from "court costs." The trial court did not identify the statutory or other legal basis pursuant to which it was ordering Jones to pay the extradition expenses at the April 9, 2019 hearing or in its April 15, 2109 sentencing journal entries.

**Law and Analysis**

**Imposition of Consecutive Sentences**

{¶ 11} Jones' first two assignments of error address the trial court's imposition of "maximum consecutive" jail sentences within 614411 and 614412 after he violated the terms of his community control sanctions.[3] In his first assignment of error, Jones contends that the trial court lacked authority to impose consecutive jail sentences in April 2019 after terminating his community control sanctions because the trial court did not "appropriately specify" that his sentences were to be imposed consecutively when he was originally sentenced in August 2018. Specifically, Jones contends that because the trial court did not make R.C. 2929.14(C)(4) findings in support of the imposition of consecutive sentences when it originally sentenced Jones in August 2018, it lacked authority to impose consecutive sentences when it terminated Jones' community control sanctions and reimposed his previously suspended sentences in April 2019.

{¶ 12} In his second assignment of error, Jones contends that the trial court's imposition of "maximum consecutive terms of imprisonment" for "failure to adhere strictly to the terms of his criminal nonsupport orders" after terminating his community control sanctions was "unreasonable" and an abuse of discretion because (1) "no one is protected by — or benefits from [Jones'] extended incarceration"; (2) "it bars [Jones] from fulfilling his monetary obligations" and

---

[3] Jones has not challenged the individual sentences imposed by the trial court. Accordingly, we do not address his individual sentences here.

"does far more damage to the children and their mothers * * * when [Jones] has the desire and means to earn money to meet his obligations"; (3) is not necessary to protect the public from future crime by Jones or others because Jones "has no other children"; and (4) it "subjects him to a heavy punishment for actively and earnestly trying, but failing, to succeed."

### Challenges to Sentences Imposed in 614411

{¶ 13} As an initial matter, we note that Jones' first and second assignments of error are moot as to 614411. In these assignments of error, Jones challenges only the length of his sentences. In 614411, Jones was sentenced to an aggregate 12-month jail term with 104 days of jail-time credit. There is no indication in the record that this sentence was stayed pending appeal. Accordingly, Jones has already served this sentence, and his assigned errors challenging his sentences in 614411 are, therefore, moot.[4] *See, e.g., State v. Jones*, 8th Dist. Cuyahoga No. 107277, 2019-

---

[4] We note that in *State v. Christian*, Slip Opinion No. 2020-Ohio-828, the Ohio Supreme Court recently held that a defendant may be resentenced "on a specific count after the sentence related to that count has been vacated on direct appeal" notwithstanding that the defendant has already "been confined for the length of the original term that had been attached to that count." *Id.* at ¶ 1. The court reasoned that "because a defendant in these circumstances has no expectation of finality in the original sentence once it has been vacated on direct appeal, the trial court has the ability to resentence the defendant de novo." *Id.* We do not believe that *Christian* governs the circumstances here. In *Christian*, the individual sentences on several counts were vacated in the direct appeal. *Id.* at ¶ 1, 5. Because those sentences had been vacated, the court held that the trial court had the authority to resentence the defendant de novo on those counts. *Id.* at ¶ 18, 29. In this case, Jones has not challenged his individual sentences, only the consecutive nature of his sentences. Even if Jones were otherwise entitled to the relief he seeks in 614411, any resentencing would be limited to the consecutive nature of the sentences; it would not be a de novo resentencing. Because there is no relief this court could give Jones even if it were to find that consecutive sentences should not have been imposed with respect to the sentences within 614411, i.e., because he has already served

Ohio-1126, ¶ 2, 13 ("'If an individual has already served his sentence, there is no collateral disability of loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction.'"), quoting *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 Ohio App. LEXIS 5655, 4 (Dec. 14, 2001); *State v. Oglesby*, 1st Dist. Hamilton Nos. C-180177 and C-180178, 2019-Ohio-1456, ¶ 19-20 (where defendant challenged only the imposition of consecutive sentences and not his convictions, defendant's completion of his sentences, rendered the appeal moot because there was "no redress" the appellate court could provide).

## Challenges to Sentences Imposed in 614412

{¶ 14} Turning to Jones' challenges to the sentences imposed in 614412, this court generally reviews misdemeanor sentences for an abuse of discretion. *See, e.g., Lakewood v. Bretzfelder*, 8th Dist. Cuyahoga No. 98925, 2013-Ohio-4477, ¶ 35; *see also S. Euclid v. Bickerstaff*, 8th Dist. Cuyahoga No. 107526, 2019-Ohio-2223, ¶ 11 *("When a misdemeanor sentence is not contrary to law, the sentence is reviewed for an abuse of discretion.").* We likewise review a trial court's decision in a community control violation proceeding for abuse of discretion. *See, e.g., Oglesby* at ¶ 7; *State v. Huckaby*, 6th Dist. Wood No. WD-14-028, 2015-Ohio-3302, ¶ 14. A trial court abuses its discretion where its decision is unreasonable, arbitrary or

---

maximum consecutive sentences in that case, his assignments of error related to those consecutive sentences are moot.

unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 15} Misdemeanor community control sanctions are governed by R.C. 2929.25. R.C. 2929.25, in relevant part, gives a trial court two options when sentencing a misdemeanor offender: (1) directly impose a sentence that consists of a community control sanction; or (2) impose a jail sentence, suspend some or all of that sentence and place the offender on community control. R.C. 2929.25(A)(1)(a)-(b). "Under either circumstance, the sentencing court retains jurisdiction over the offender for the duration of the sanctions imposed." *In re A.R.H.*, 10th Dist. Franklin No. 18AP-554, 2019-Ohio-1325, ¶ 13, fn. 1, citing R.C. 2929.24(H) and 2929.25(C).

{¶ 16} If a defendant violates a term or condition of a community control sanction imposed for a misdemeanor, R.C. 2929.25(D)(2) states that "the sentencing court may impose upon the violator one or more of the following penalties:"

> (a) A longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this section;
> (b) A more restrictive community control sanction;
> (c) A combination of community control sanctions, including a jail term.

{¶ 17} In this case, the trial court did not sentence Jones directly to community control sanctions. The trial court chose the second option under R.C. 2929.25(A)(1)(b) — i.e., to impose a jail term, suspend the jail term and then place

Jones on community control sanctions. In 614412, the trial court sentenced Jones to six months on each count resulting in aggregate 24-month jail sentence. It then suspended Jones' sentences and placed Jones on five years of community control sanctions. After Jones violated the terms of his community control sanctions, the trial court terminated the community control sanctions and reimposed his previously suspended sentences.

{¶ 18} R.C. 2929.41(B)(1) addresses the imposition of consecutive sentences for misdemeanors. That provision states:

> A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.
>
> When consecutive sentences are imposed for misdemeanor[s] under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months.

{¶ 19} R.C. 2929.14(C)(4) applies to the imposition of consecutive *prison* terms for *felony* offenses, not the imposition of consecutive *jail* terms for *misdemeanor* offenses. *See, e.g., State v. Alexander*, 8th Dist. Cuyahoga No. 102708, 2016-Ohio-204, ¶ 2 ("R.C. 2929.14(C)(4) does not apply to a conviction that includes consecutive service of misdemeanor jail terms. R.C. 2929.41(B) authorizes consecutive service of jail terms up to 18 months without findings."); *State v. Burley*, 2017-Ohio-378, 83 N.E.3d 322, ¶ 10 (7th Dist.) ("In contrast to consecutive prison terms for felonies imposed under R.C. 2929.14(C)(4), trial courts are authorized to

order consecutive jail terms for misdemeanor offenses (up to 18 months) without making consecutive sentence findings."). Thus, contrary to Jones' assertions, the trial court was not required to make R.C. 2929.14(C)(4) findings to impose consecutive sentences for his misdemeanor offenses. *See, e.g., Alexander* at ¶ 2; *State v. Jefferies,* 2d Dist. Montgomery No. 27942, 2019-Ohio-1469, ¶ 34; *State v. Whitman*, 5th Dist. Ashland Nos. 18-COA-030 and 18-COA-031, 2019-Ohio-2307, ¶ 71; *Burley* at ¶ 10. To impose consecutive sentences in this case, the trial court simply needed to "specify" that the sentences would be served consecutively. Even assuming the trial court was required to "specify" that the sentences would be served consecutively when Jones was originally sentenced in August 2018 (rather than when the sentences were "reimposed" after the termination of community control sanctions in April 2019), the record reflects that the trial court did that here.

{¶ 20} In this case, when the trial court originally sentenced Jones in 614412, it sentenced him to six months in jail on each count. Although the trial court did not use the term "consecutive" sentences, it is clear from the trial court's August 14, 2018 sentencing journal entry — imposing an aggregate jail sentence "for a term of 24 month(s)" — that consecutive sentences were originally "specified" as to the four counts in 614412. The trial court likewise "specified," when sentencing Jones in April 2019, that the sentences on the four counts in 614412 were to be served consecutively. At the April 9, 2019 hearing, the trial court expressly stated: "Case 614412, you pled guilty to misdemeanors in Counts 1, 2, 3 and 4, six months on Count 1, six months on Count 2, six months on Count 3, six months on Count 4,

consecutive to one another. 24 months." The trial court's April 15, 2019 sentencing journal states: "It is now ordered and adjudged that said defendant Jumaine Jones is sentenced to the Cuyahoga County jail for a term of 24 month(s). Count 1 — 6 months. Count 2 — 6 months. Count 3 — 6 months. Count 4 — 6 months. 70 day suspended. Counts to run consecutive to each other."

{¶ 21} Although the trial court was not required to make R.C. 2929.14(C)(4) findings in order to impose consecutive sentences for Jones' misdemeanor offenses, there is an issue with the consecutive sentences the trial court imposed in 614412. The 24-month aggregate consecutive sentence the trial court imposed at the April 9, 2019 hearing exceeded the 18-month aggregate consecutive sentence permitted under R.C. 2929.41(B)(1). *See State v. Pierce*, 4th Dist. Meigs No. 10CA10, 2011-Ohio-5353, ¶ 11 (vacating defendant's sentences and remanding for resentencing where trial court's aggregate misdemeanor jail sentence was 19 months "and, thus, exceeded the statutory maximum"). Apparently recognizing this problem, in its April 15, 2019 sentencing journal entry, the trial court attempted to modify the sentence it had imposed at the hearing by stating that "70 days" of Jones' sentence was "suspended" and that his "aggregate total sentence is reduced to less than 18 months per statute." However, there is no statutory authority for the imposition of indefinite, aggregate consecutive sentences of "less than 18 months" for misdemeanor offenses.

{¶ 22} At oral argument, the state conceded that the trial court's April 15, 2019 sentencing journal entry requires "clarification" but claimed that the error

could be remedied by a nunc pro tunc entry, imposing an aggregate 18-month sentence in accordance with R.C. 2929.41(B)(1). We disagree. While courts have inherent authority to correct clerical errors in judgment entries so that the record "speaks the truth," nunc pro tunc entries are limited to memorializing what the trial court actually did, not what the trial court might have done, should have done or intended to do. *See, e.g., State v. Hidvegi*, 8th Dist. Cuyahoga Nos. 108229 and 108928, 2019-Ohio-3893, ¶ 20 ("[P]roper use of a nunc pro tunc order 'is limited to memorializing what the trial court actually did at an earlier point in time, such as correcting a previously issued order that fails to reflect the trial court's true action,' [and] 'not what the court might or should have decided or what the court intended to decide.'"), quoting *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10, and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18.

{¶ 23} Based on the record before us and considering all of the relevant facts and circumstances, we believe the proper remedy is to vacate the consecutive sentences imposed in 614412 and remand for resentencing in that case.

{¶ 24} As they relate to 614411, Jones' first and second assignments of error are moot. As it relates to 614412, Jones' first assignment of error is sustained in part and overruled in part; based on our resolution of Jones' first assignment of error, his second assignment of error is also moot as to 614412.

**Extradition Costs**

{¶ 25} In his third assignment of error, Jones contends that the trial court committed plain error in ordering him to pay $2,532.30 in extradition costs associated with extraditing him from Las Vegas to Cuyahoga County, Ohio after he violated community control sanctions. Jones argues that the trial court lacked authority to order him to pay these extradition costs because (1) the trial court was required to impose any misdemeanor "financial sanctions" at the time of his original sentencing in August 2018; (2) Jones is indigent and (3) extradition costs can only be imposed on nonindigent felons under R.C. 2949.14.

{¶ 26} R.C. 2929.28 addresses the imposition of financial sanctions in misdemeanor cases. R.C. 2929.28(A) provides in relevant part:

> In addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a misdemeanor * * * to any financial sanction or combination of financial sanctions authorized under this section. If the court in its discretion imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
>
> > (1) Unless the misdemeanor offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13, restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * *
> > (2) A fine of the type described in divisions (A)(2)(a) and (b) of this section payable to the appropriate entity as required by law:
> > > (a) A fine [limited in amount based on the degree of the offense] * * *.
> > > (b) A state fine or cost as defined in section 2949.111 of the Revised Code.

(3)
> (a) Reimbursement by the offender of any or all of the costs of sanctions incurred by the government, including, but not limited to, the following:
>> (i) All or part of the costs of implementing any community control sanction * * *;
>> (ii) All or part of the costs of confinement in a jail or other residential facility * * *
>> (iii) All or part of the cost of purchasing and using an immobilizing or disabling device * * *.

{¶ 27} The state asserts that the trial court properly ordered Jones to pay the extradition costs, not as a "financial sanction" under R.C. 2929.28[5] but as part of the "costs of prosecution" pursuant to R.C. 2947.23. The state further asserts that the costs associated with extraditing Jones from Las Vegas to Cuyahoga County for purposes of the community control violation hearing were properly imposed against Jones as part of the "costs of prosecution" because Jones had been extradited twice before, i.e., before Jones entered his guilty pleas in August 2018, Jones had been extradited twice — once from Georgia and once from Philadelphia — and Jones "had to pay" the "accrued fees associated with the cost of extradition" prior to pleading guilty.[6] However, the fact that Jones may have previously reimbursed the state for

---

[5] Because the state does not claim that the trial court could have properly ordered Jones to pay the extradition costs as "restitution" under R.C. 2929.28(A)(1), a fine or "state fine or cost" under R.C. 2929.28(A)(2)(a)-(b), "[r]eimbursement * * * of the costs of sanctions incurred by the government" under R.C. 2929.28(A)(3) or any other "financial sanction" authorized under R.C. 2929.28(A), we do not consider those issues here.

[6] In support of these claims, the state attaches (1) copies of two invoices from PTS of America, U.S. Corrections, U.S. Prison Transport to the Cuyahoga County Prosecutor's Office dated January 6, 2018 and May 18, 2018 and (2) a copy of a check from Jones to the Cuyahoga County Prosecutor's Office dated August 7, 2018 indicating that it is for "extradition reimbursement." These documents were not presented to the trial court

extradition costs as a condition of a plea agreement, pursuant to which the parties agreed Jones would pled guilty to misdemeanor criminal nonsupport charges instead of the felony nonsupport charges with which he had been originally charged, has no bearing on whether the trial court could order him to pay such costs in the absence of such an agreement.

{¶ 28} R.C. 2947.23(A)(1)(a) addresses the imposition of the "costs of prosecution" in criminal sentences. That section provides, in relevant part:

> In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs.

{¶ 29} Thus, under R.C. 2947.23(A)(1)(a), the trial court must assess the costs of prosecution against criminal defendants, including misdemeanants. Because the imposition of the costs of prosecution is mandatory, the trial court is not required to hold a hearing or otherwise determine a defendant's ability to pay before ordering him or her to pay costs. *See, e.g., Cleveland v. Ruiz*, 8th Dist. Cuyahoga No. 106743, 2018-Ohio-4604, ¶ 11, citing *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 231, and *State v. Miller*, 8th Dist. Cuyahoga No. 106051, 2018-Ohio-2127, ¶ 22. The trial court, however, has the discretion to waive costs if the defendant moves for a waiver of costs. *Ruiz* at ¶ 13; *Miller* at ¶ 23; R.C. 2947.23(C) ("The court retains jurisdiction to waive, suspend, or modify the

---

below and were not part of the record on appeal; therefore, they will not be considered by this court.

payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter.").

{¶ 30} The phrase "costs of prosecution," as used in R.C. 2947.23, has not been statutorily defined. *Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, ¶ 8. However, it has often been used interchangeably with "court costs." *See, e.g.*, R.C. 2929.28(A) (referring to the "costs of prosecution" imposed under R.C. 2947.23 as "court costs"); *see also State v. Rice*, 2d Dist. Greene No. 2011-CA-74, 2012-Ohio-4084, ¶ 7 ("'costs of prosecution' and 'court costs' have been found to be synonymous"); *State v. Christy*, 3d Dist. Wyandot No. 16-04-04, 2004-Ohio-6963, ¶ 22 ("Although the statute does not define the term 'costs of prosecution,' we conclude after review that the term means 'court costs' in a criminal case."); *State v. Holmes*, 6th Dist. Lucas No. L-01-1459, 2002-Ohio-6185, ¶ 20 ("The 'costs of prosecution' * * * are the court costs incurred in the prosecution of the case."); *State v. Lincoln*, 6th Dist. Lucas No. L-15-1080, 2016-Ohio-1274, ¶ 11 ("Costs of prosecution" as used in R.C. 2947.23(A)(1) "means court costs in a criminal case" and are "'those [expenses] directly related to the court proceedings * * *.'"), quoting *State v. Perz*, 173 Ohio App.3d 99, 2007-Ohio-3962, 877 N.E.2d 702, ¶ 36 (6th Dist.), quoting *Christy* at ¶ 22.

{¶ 31} The term "costs" has been defined as "'the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution, and which the statutes authorize to be taxed and included in the judgment or sentence.'" *Middleburg Hts.* at ¶ 8, quoting *State ex rel. Franklin Cty.*

*Commrs. v. Guilbert*, 77 Ohio St. 333, 338, 83 N.E. 80 (1907); *see also* R.C. 2949.111(A)(1) ("As used in this section * * * '[c]ourt costs' means any assessment that the court requires an offender to pay to defray the costs of operating the court."). "The expenses which may be taxed as costs in a criminal case are those directly related to the court proceedings and are identified by a specific statutory authorization." *Middleburg Hts.* at ¶ 8, citing *Christy* at ¶ 22.

{¶ 32} Although extradition costs are no doubt a necessary expense in prosecuting a case against a criminal offender who has left (and fails to return to) the jurisdiction, the state has not identified any "specific statutory authorization" for the taxing of Jones' "extradition fees" as costs in this case. *See State v. Perz*, 6th Dist. Lucas No. L-07-1330, 2008-Ohio-2383, ¶ 13-18 (trial court erred in imposing costs of special prosecutor in the "costs of prosecution" where there was no "specific statute" providing that such costs could be charged to the defendant). R.C. 2949.14, entitled "[c]ost bill in case of felony," provides:

> Upon conviction of a non-indigent person for a felony, the clerk of the court of common pleas shall make and certify under the clerk's hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. The clerk shall attempt to collect the cost from the person convicted.

{¶ 33} By its terms, R.C. 2949.14 is limited to "non-indigent" persons "convict[ed]" of a felony. Although Jones was originally charged with felony

criminal nonsupport, he pled guilty to, and was convicted of, misdemeanor criminal nonsupport. There is no comparable provision for the payment of extradition costs by convicted misdemeanor offenders. *See also* 1929 Ohio Atty.Gen.Ops. No. 29-183, paragraph one of the syllabus (concluding that "[t]he costs of extradition of a defendant charged under the laws of Ohio with a misdemeanor cannot be made a part of the costs of prosecution" when interpreting a prior version of the statute codified at G.C. 2491).

{¶ 34} Further, even if R.C. 2949.14 otherwise applied to Jones, it is limited in application to convicted, "non-indigent" persons. In its April 15, 2019 sentencing journal entries, the trial court stated that Jones was "indigent."

{¶ 35} Accordingly, we sustain Jones' third assignment of error. We vacate the trial court's orders in 614411 and 614412 requiring Jones to pay $2,532.30 in extradition costs.

**Conclusion**

{¶ 36} Because Jones has already served his sentences in 614411, his challenges to the length of his sentences in that case are moot. In 614412, we vacate Jones' consecutive sentences and remand for resentencing. On remand in 614412, if the trial court, in its discretion, determines that consecutive sentences should be imposed, it should comply with R.C. 2929.41(B)(1), i.e., specify that the sentences are to be served consecutively and specify the aggregate consecutive sentence to be served, which must not exceed 18 months. In both 614411 and 614412, we vacate

the trial court's orders requiring Jones to pay $2,532.30 in extradition costs.   We

otherwise affirm the trial court.

{¶ 37} Judgment affirmed in part; vacated in part; remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the

Cuyahoga County Court of Common Pleas to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA A. BLACKMON, J., CONCUR