[Cite as *Olmsted Twp. v. Ritchie*, 2022-Ohio-124.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF OLMSTED TOWNSHIP,　　　　　:

　　　Plaintiff-Appellee,　　　　:

　　　　　　　　　　　　　　　　　　　　　Nos. 110107 and 110108

　　　v.　　　　　　　　　　　　　　:

CHAD B. RITCHIE,　　　　　　　　:

　　　Defendant-Appellant.　　　　:

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** MODIFIED; REMANDED
**RELEASED AND JOURNALIZED:** January 20, 2022

---

Criminal Appeal from the Berea Municipal Court
Case Nos. 17-CRB-02066-1, 17-CRB-02066-4, 17-TRC-066722, and
17-TRC-066723

---

### *Appearances:*

Baker, Dublikar, Beck, Wiley & Mathews, James F. Mathews, and Brittany A. Bowland, *for appellee.*

Patituce & Associates, LLC, Joseph C. Patituce, Megan M. Patituce, and Catherine Meehan, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Appellant Chad B. Ritchie ("Ritchie") appeals the trial court's order modifying his misdemeanor jail sentence. Because Ritchie has served the maximum jail term imposed for each misdemeanor count, we find the language in the trial

court's ruling that states "leaving 150 days of jail available to sentence on each count" is erroneous as a matter of law. The trial court's ruling is modified to delete this language, and we remand the cases to the trial court for issuance of a corrected entry that reflects no jail time remains.

**Background**

{¶ 2}    On September 13, 2018, the trial court sentenced Ritchie on each of four first-degree misdemeanor counts to 30 days in jail, to run consecutive to each other, and put Ritchie on five years of basic probation. At that time, Ritchie was serving a three-year prison sentence in another case. The court stated its intent to "keep the 120 days" and indicated it "would entertain a motion to reconsider [the] 120 days" at the completion of the prison term Ritchie was then serving. The trial court advised Ritchie at the hearing that "failure to comply with all the conditions of probation will result in the imposition of the maximum jail" and that the "maximum jail" was 180 days in jail for each of the charges and a $1,000 fine.

{¶ 3}    Despite the advisement that was given, the court never sentenced Ritchie to those full 180 days. The sentencing entries are clear. The maximum jail term imposed on each count was 30 days, and Ritchie was placed on five years of basic probation.

{¶ 4}    In August 2020, after the conclusion of his three-year prison term, Ritchie filed a motion to modify sentence requesting the court "for an order granting him credit for time served" during the prison term toward the sentences that were imposed on the four misdemeanor counts. That same month, two community-

control violation complaints were filed. A hearing was held on Ritchie's motion, along with a hearing on the alleged community-control violations. Thereafter, another hearing was held on additional community-control violation complaints that were filed. During the hearing held on September 24, 2020, the court reminded Ritchie of "the 150-day jail sentence [he] still has over his head" and that it could "give [Ritchie] a 540-day jail sentence max" for a violation of the terms of the conditions of probation. Ritchie expressed his belief that "the 30-day jail sentence was gone" and that all that was left were the fines that could be imposed. The court offered Ritchie a "chance to only do the 150 and be off of probation" and, otherwise "I will impose 540 [days] if you mess up." No jail time resulted from these proceedings.

{¶ 5} On October 6, 2020, the magistrate issued a decision that "credits the Defendant 30 days of jail sentenced concurrent to his prison sentence * * *, *leaving 150 days of jail available to sentence on each count.*" (Emphasis added.) The magistrate denied Ritchie's request to "delete 150 days of jail remaining" on each count. Ritchie objected to the language included in the magistrate's decision, arguing in part that "no days remained for the court to suspend."

{¶ 6} On October 19, 2020, the trial court overruled Ritchie's objection and adopted the magistrate's decision. The trial court granted Ritchie's motion to modify sentence for "a total credit of 120 days of jail" and determined that the magistrate had "acted within the purview of the law in denying [Ritchie's] request" to delete the challenged language.

**Ritchie's Argument**

{¶ 7} Under his sole assignment of error, Ritchie argues that the trial court erred by imposing an aggregate sentence that exceeds the maximum statutory limit of 18 months, in violation of R.C. 2929.41(B)(1).

{¶ 8} Understandably, Ritchie believes that his sentence includes an additional 150 days of jail suspended on each count. Although he was credited with 30 days of jail time on each count, the magistrate's decision states "leaving 150 days of jail available to sentence on each count." Also, at the probation-violation hearing, the trial court expressed a willingness to impose 540 days in jail for a future violation. As a result, Ritchie claims the aggregate sentence that was imposed is invalid and asks that any remaining time to which he is exposed be vacated.[1]

{¶ 9} In support of his argument, Ritchie cites to this court's decision in *State v. Jones*, 2020-Ohio-1273, 153 N.E.3d 689 (8th Dist.), wherein it was determined that a trial court erred in reimposing a previously suspended 24-month aggregate consecutive jail sentence after Jones violated the terms of his community-control sanctions because it exceeded the 18-month aggregate consecutive sentence permitted under R.C. 2929.41(B)(1). *Id.* at ¶ 21-23. As later discussed, Ritchie was not sentenced under the same R.C. 2929.25 provision as the defendant in *Jones*. This distinction is important.

---

[1] The original sentence can no longer be set aside. Any sentence based on an error in the court's imposition of the original sentence is voidable. *See State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 37, 43. However, we recognize that this appeal is from a subsequent decision modifying Ritchie's sentence.

{¶ 10} In this matter, the sentencing entries and transcript reflect that the court did not suspend the additional 150 days that could have been imposed when it sentenced Ritchie on each of the misdemeanor counts. The magistrate's decision correctly found that Ritchie was "given a 30-day jail sentence [on each count] to run consecutively for 120 days total. The Court did not impose the 150 days of jail left in each case."[2] Nonetheless, upon crediting Ritchie with the total jail time imposed, the trial court erroneously found "150 days of jail available to sentence on each count." The relevant misdemeanor sentencing statutes must be considered.

**Misdemeanor Sentencing Statutes**

{¶ 11} R.C. 2929.24(A) authorizes, with certain exception, a sentencing court to impose a definite jail term upon an offender for a misdemeanor and provides in relevant part:

> if the sentencing court imposing a sentence upon an offender for a misdemeanor elects or is required to impose a jail term on the offender pursuant to this chapter, the court shall impose a definite jail term that shall be one of the following:
>
> (1)    For a misdemeanor of the first degree, not more than one hundred eighty days;

Pursuant to R.C. 2929.41(B)(1), which applies to multiple sentences,

> [w]hen consecutive sentences are imposed for misdemeanors under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months.

---

[2] We recognize that no jail time has actually been imposed for a violation of community-control sanctions, which presents a ripeness concern. *See State v. Daniel*, 11th Dist. Trumbull No. 2014-T-0044, 2015-Ohio-3826, ¶ 9; *State v. Ogle*, 6th Dist. Wood No. WD-01-040, 2002 Ohio App. LEXIS 870, 11-12 (Mar. 1, 2002). Nonetheless, we find any error in the modification of Ritchie's sentence is ripe for review.

The Committee Comment following R.C. 2929.41 explains "[c]onsecutive terms for misdemeanor[s] are totalled to determine the term to be served, but the total may not exceed 18 months." 1974 Committee Comment to H 511, R.C. 2929.41(B)(1).

{¶ 12} R.C. 2929.25(A)(1) authorizes, with certain exception, the sentencing court to sentence an offender for a misdemeanor to community-control sanctions, which are not to exceed five years pursuant to R.C. 2929.25(A)(2). R.C. 2929.25(A)(1) provides:

> Except as provided in sections 2929.22 and 2929.23 of the Revised Code or when a jail term is required by law, in sentencing an offender for a misdemeanor, other than a minor misdemeanor, the sentencing court may do either of the following:
>
> (a) Directly impose a sentence that consists of one or more community control sanctions authorized by section 2929.26, 2929.27, or 2929.28 of the Revised Code. The court may impose any other conditions of release under a community control sanction that the court considers appropriate. If the court imposes a jail term upon the offender, the court may impose any community control sanction or combination of community control sanctions in addition to the jail term.
>
> (b) Impose a jail term under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code.

{¶ 13} R.C. 2929.25(A)(3) sets forth a notification requirement and states in relevant part:

> At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) or (B) of this section, the court shall state the duration of the community control sanctions imposed and shall notify the offender

that if any of the conditions of the community control sanctions are violated the court may do any of the following:

* * *

(c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code.

{¶ 14} R.C. 2929.25(D) applies if an offender violates the terms of community-control sanctions that were imposed. R.C. 2929.25(D)(2) sets forth the penalties that may be imposed "[i]f an offender violates any condition of a community control sanction" and permits the court to impose one or more of the stated penalties, including, under R.C. 2929.25(D)(2)(c), "[a] combination of community control sanctions, including a jail term." However, pursuant to R.C. 2929.25(D)(4):

> If the court imposes a jail term upon a violator * * * the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanction shall not exceed *the maximum jail term available* for the offense for which the sanction that was violated *was imposed. * * *.*

(Emphasis added.)

**Analysis**

{¶ 15} Generally, an appellate court applies an abuse of discretion standard when reviewing a trial court's adoption of a magistrate's decision; however, questions of law are reviewed de novo. *4030 W. Broad, Inc. v. Neal*, 10th Dist. Franklin No. 20AP-31, 2021-Ohio-3685, ¶ 22, citing *Mtge. Bank Corp. v. WWIO, Ltd.*, 10th Dist. Franklin No. 16AP-44, 2016-Ohio-7069, ¶ 12.

{¶ 16} Despite having credited Ritchie with the total 120 days of jail imposed for the misdemeanor offenses, the trial court's entry finds 150 days of jail remains available to sentence on each count for a violation of the terms of community control. Because Ritchie has served the maximum jail term on the sentence that was imposed, Ritchie is not subject to any further jail time for the offenses involved. We conclude that the finding in the magistrate's decision, which was adopted by the trial court, "leaving 150 days of jail available to sentence on each count" is erroneous as a matter of law.

{¶ 17} Under R.C. 2929.25(A)(1), a court has two options for sentencing an offender to community-control sanctions, either (a) directly impose a sentence consisting of one or more community-control sanctions, which may be imposed "in addition" to a jail term that is imposed, or (b) impose a jail term under R.C. 2929.24 from the range of jail terms authorized for the offense, suspend all or a portion of the jail term imposed, and place the offender under a community- control sanction or a combination of community-control sanctions. Unlike in felony sentencing where a trial judge generally cannot impose a prison term and a community-control sanction together on the same count, R.C. 2929.25(A)(1) expressly authorizes that very scenario.

{¶ 18} In this case, the sentencing entries reflect that the trial court sentenced Ritchie under subsection (a) when it imposed a jail term of 30 days for each misdemeanor count in combination with the direct imposition of five years of community control. In the *Jones* case, the sentencing court chose option (b) and

sentenced Jones to a jail term, suspended the jail term imposed, and placed Jones under community-control sanction; thereafter, when Jones violated those conditions, the trial court reimposed his previously suspended sentence. *Jones*, 2020-Ohio-1273, 153 N.E.3d 689, at ¶ 17. Upon granting Ritchie's motion to modify sentence, the trial court credited Ritchie with the total jail time, or maximum jail term, that was imposed of 120 days. Therefore, there is no jail time remaining on his sentence, and no additional time can be imposed.

{¶ 19} R.C. 2929.25 is certainly a poorly drafted and confusing statute. Because the magistrate's ruling was issued after a probation-violation hearing, it appears the court's focus was on R.C. 2929.25(D). But that section cannot be read at the expense of the language in R.C. 2929.25(A)(1)(a) and (b). The "maximum jail term available for the offense" language in R.C. 2929.25(D)(4) is conditioned on the requirement that it "was imposed." We recognize that there is authority suggesting otherwise and that felony statutes are not implicated. *See, e.g., State v. Coffer*, 7th Dist. Mahoning No. 18 MA 0077, 2020-Ohio-994, ¶ 7; *State v. McDonald*, 4th Dist. Ross No. 04CA2806, 2005-Ohio-3503, ¶ 2, 10. However, R.C. 2929.25 cannot be read to permit the trial court to modify Ritchie's sentence beyond the maximum jail term initially imposed.

{¶ 20} As the Supreme Court has recognized, "judges are duty-bound to apply sentencing laws as they are written." *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 10, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22. Consequently, the only sentence a trial

court has the power to impose, "'is that provided for by statute.'" *Id.* at ¶ 12, quoting *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). The Supreme Court of Ohio should consider reviewing R.C. 2929.25 in more detail.

**Conclusion**

{¶ 21} The trial court imposed a 30-day jail sentence on each of the four first-degree misdemeanor counts and credited Ritchie with the total 120 days. At this point, the maximum jail term for these offenses has been served. Ritchie is still under community-control sanctions, but under R.C. 2929.25, there is no jail time hanging over him and no additional time remains available for sentencing for any potential violations. For these reasons, the trial court's ruling is modified to delete the statement "leaving 150 days of jail available to sentence on each count," which we find is erroneous as a matter of law. We remand for correction of the trial court's entry to reflect no jail time remains.

{¶ 22} Judgment modified; case remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. Case remanded for the trial court to issue a journal entry consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
LISA B. FORBES, J., DISSENTS WITH SEPARATE OPINION


LISA B. FORBES, J., DISSENTING:

**{¶ 23}** I respectfully dissent from the majority opinion. I would affirm the trial court's decision because I find no error in the trial court's October 19, 2020 journal entry modifying Ritchie's 120-day jail sentence to run concurrent to his prison sentence in another case. Furthermore, I disagree with the majority because, in my view, the trial court has the authority to sentence Ritchie to a jail term if he violates the terms of his community-control sanctions.

**{¶ 24}** The only way to give meaning to all of the provisions of R.C. 2929.25 is to affirm the trial court's decision. Under R.C. 2929.25(A)(1)(a), the trial court had the authority to sentence Ritchie to a jail term and, in addition, to impose community-control sanctions. That is what the trial court did. Ritchie was sentenced to 30 days in jail on each of his four first-degree misdemeanor convictions, and the trial court imposed five years of community-control sanctions, as recognized by the majority.

**{¶ 25}** Under R.C. 2929.25(A)(3), the trial court was required to advise Ritchie of the penalties he faces if he violates his community-control sanctions. The

advisement requirement applies precisely because the trial court imposed jail time and directly imposed community-control sanctions under R.C. 2929.25(A)(1)(a). One possible penalty is the imposition of "a definite jail term from the range of jail terms authorized for the offense[.]" R.C. 2929.25(A)(3)(c); *see also* R.C. 2929.25(D)(2)(c). Pursuant to R.C. 2929.25(D)(4), if an offender violates the terms of his or her community-control sanctions, and the court sentences the offender to a jail term for that violation under R.C. 2929.25(D)(2)(c), "the total time spent in jail for the misdemeanor offense and the violation of a condition of the community-control sanction shall not exceed the *maximum jail term available for the offense for which the sanction that was violated was imposed.*" (Emphasis added.)

{¶ 26} While imprecise and inartful, I would not find that the trial court's journal entry imposes a suspended sentence or reserves additional jail time on the underlying first-degree misdemeanor charges of which Ritchie was convicted. Rather, the trial court's journal entry "emphasized the court[']s sentencing of the offender of a combined jail sanction and community control sanction * * *." As required by R.C. 2929.25(A)(3), the court advised Ritchie of the possible sanction of jail time he may face if he violates his community-control sanctions. The trial court correctly noted, in its journal entry, that Ritchie had served 30 days in jail on each first-degree misdemeanor and that the maximum jail term available for each of the first-degree misdemeanors Ritchie was convicted of was 180 days. This outcome would be consistent with decisions reached in *Coffer,* 7th Dist. Mahoning No. 18 MA

0077, 2020-Ohio-994, at ¶ 7, and *McDonald*, 4th Dist. Ross No. 04CA2806, 2005-Ohio-3503, at ¶ 10, 15.

{¶ 27} Finally, responding directly to Ritchie's assignment of error regarding whether the trial court sentenced Ritchie in error by ordering his misdemeanor sentences to run consecutively to his prison sentence, I would find that aspect of his argument is moot. Upon release from prison, Ritchie moved the trial court to modify his misdemeanor sentences to run concurrently, rather than consecutively, to the prison sentence he had just served. On October 19, 2020, the trial court granted Ritchie's motion and his sentence was modified. Any possible error in the trial court's order that Ritchie's misdemeanor sentences were to run consecutively to his prison sentence has been made moot by the modification to the misdemeanor sentences entered October 19, 2020.

{¶ 28} Accordingly, I would affirm the decision of the trial court.